GreeN, Judge,
delivered the opinion of the court:
This case comes before the court pursuant to a joint resolution of Congress directing this court to investigate losses sustained during the stabilization operations of the Federal Farm Board in 1929 and 1930 by cooperative associations to which loans were made by the Federal Farm Board through withholding grain from the market and making advances to their members to stabilize prices. The object of the investigation is to determine the amount of loss, if any, in the case of each association and the facts and circumstances with relation to such loss, and especially whether because of any agreement or understanding between such associations and the Federal Farm Board, or any member, officer, or employee thereof, or because of any other facts or circumstances, there is any legal, equitable, or moral obligation on the part of the United States to reimburse such associations for the whole or any part of such loss.
The findings in this case show that in the latter part of January 1930, the manager of plaintiff conferred with the -chairman of the Federal Farm Board with reference to turning over the wheat which it held to the Farm Board at the fixed loan prices, and the chairman urged the plaintiff not to do this and stated that the Federal Farm Board would take care of the plaintiff on its storage and carrying -charges. The principal witness for the defendant on this point (the chairman of the Federal Farm Board, Mr. Legge) was deceased at the time the testimony was taken •and counsel for defendant insist that the circumstances of the case impeach the testimony of the manager. There are some facts recited in the findings that tend to rebut the testimony of the manager, but after reviewing the evidence *231 we have approved the findings of the commissioner of tbis court who heard the witnesses and found that the promise was made. We think, however, that the officers of the plaintiff must have known that Legge had no right or authority to make any such agreement and this knowledge is probably the reason that in letters, telegrams, and resolutions regarding statements, claims, and adjustments of the losses sustained by plaintiff there was no mention made or any reference of any kind to such an agreement.
In the case of North Pacific Grain Growers, Inc., v. United States, ante, p. 189, this day decided by this court, following the rule laid down by the Supreme Court we held that the word “equitable” or “equitably” in such ■cases as we have before us means merely that the rules of law applicable to the case shall be construed “liberally in favor of the claimants.” There being no valid contract between the plaintiff and the Farm Board, there was no legal or equitable obligation on the part of the United States to reimburse the plaintiff for any of its losses.
Counsel for defendant strenuously object to a large portion of the findings of the commissioner of this court on the ground that the matters objected to are immaterial. If the investigation were to be confined to matters which bear upon the strictly legal phases of the case, there is much in the commissioner’s report which should be excluded. But we think the intention of Congress was to require that such facts be reported as we consider might bear on this question of a moral obligation and for this reason have included matters which otherwise would be immaterial. In this connection it should be noted the evidence shows that during the period involved, the Farm Board, acting through the Stabilization Corporation, in the interest of the wheat growers of the country generally, was endeavoring to prevent a decline in the market price of wheat and that its efforts had a beneficial result.
For the reasons stated in the North Pacific Grain Growers case, supra, we express no opinion as to whether any moral obligation was created, which we deem a matter for Congress alone to determine.
*232 Pursuant to the resolution, the findings and conclusions of the court will be reported to Congress.
Wilt,tamr, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case*